**ACTIVOX, INC., Plaintiff,**

v.

**ENVIROTECH CORPORATION, and DHV Raadgevend Enginieurs Bureau B. V., Defendants.**

**No. 79 Civ. 3236.**

United States District Court, S. D. New York.

Jan. 10, 1980.

to the Eastern District of Louisiana, or, alternatively, (2) a stay pending the outcome of the Louisiana action, (3) quashing of service upon DHV and dismissal as to DHV for lack of in personam jurisdiction, and (4) dismissal of the second count of plaintiff's complaint for failure to state a claim upon which relief may be granted. Defendants contend that their motion to dismiss the antitrust claim contained in count two of plaintiff's complaint bars a voluntary dismissal of this action under Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Rule 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . ." Fed.R.Civ.P. 41(a)(1). In this case, it is not disputed that the defendants never filed an answer. Furthermore, a motion to dismiss the complaint pursuant to Rule 12(b)(6) does not bar plaintiff from voluntarily dismissing its action. Therefore, the Court must decide whether defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) may properly be considered a motion for summary judgment which bars a voluntary dismissal by plaintiff.

Rule 12(b) provides:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Miskin & Sutton, New York City (Paul J. Sutton, New York City, of counsel), for plaintiff.

Hannoch, Weisman, Stern & Besser, Newark, N. J. (Irvin M. Freilich, Newark, N. J., of counsel), for defendants.

### MEMORANDUM AND ORDER

CANNELLA, District Judge:

Defendants' motion, to vacate plaintiff's notice of dismissal, is denied.

In response to plaintiff's order to show cause to stay the Louisiana action, *Envirotech Corp., et al. v. Amstar Corp.*, 79 Civ. 107C(5), on August 1, 1979, the defendants filed cross-motions seeking various forms of relief, namely, (1) a transfer of this action

Fed.R.Civ.P. 12(b)(6). Defendants maintain that they presented matters outside the pleading, by way of affidavits, and thus their motion to dismiss the complaint is automatically converted to a motion for summary judgment. At the hearing held

before this Court on September 5, 1979, however, the Court informed the parties that it would consider only the motions to transfer or stay the action, and postpone consideration of the motion to dismiss the antitrust claim. Thus, at the time plaintiff filed its voluntary dismissal, defendants' motion could not have been converted into a motion for summary judgment, since the Court had not even examined that motion to determine whether the affidavits would be excluded from consideration, and since plaintiff had not been given the opportunity to present all material pertinent to a summary judgment motion as required by Rule 12(b)(6).

In view of the foregoing, the Court fails to see how the defendants were prejudiced by the plaintiff's voluntary dismissal. Furthermore, it now appears that the defendants' action against Amstar in Louisiana may proceed unimpeded by plaintiff's action in this Court.

Accordingly, the defendants' motion to vacate the plaintiff's notice of dismissal is denied.

SO ORDERED.